T.C. Memo. 2011-53

UNITED STATES TAX COURT

BETTY JEAN STEINSHOUER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3791-09.                    Filed March 2, 2011.

Betty Jean Steinshouer, pro se.

Randall B. Childs, for respondent.

MEMORANDUM OPINION

GOEKE, Judge: Ms. Steinshouer did not file Federal income tax returns for 2004 and 2006. Respondent determined income tax deficiencies and additions to tax pursuant to section 6651(a)(1) and (2)[1] for 2004 and 2006 and under section 6654(a) for 2006

---

[1]All section references are to the Internal Revenue Code,
                                        (continued...)

only.  Respondent had previously prepared substitutes for returns pursuant to section 6020(b).  Ms. Steinshouer, in a response to respondent's pretrial memorandum, did not contest the income determinations.  Rather, she asserted that she is entitled to deduct additional expenses for her business.  Ms. Steinshouer executed a stipulation of facts but failed to appear at trial.  On the basis of the stipulated facts, we uphold respondent's determinations.

## Background

Ms. Steinshouer resided in Florida at the time she filed her petition.

In 2004 Ms. Steinshouer received compensation of $18,350 and $600 from Florida Humanities Council and Broward Public Library Foundation, respectively.  She also received $15 in interest income from Cornerstone Community Bank in 2004.  In 2006 Ms. Steinshouer received compensation of $27,000, $1,000, and $1,500 from Florida Humanities Council, Town of South Berwick, and Villages Charter School, Inc., respectively.  Ms. Steinshouer was not an employee of any of these named entities.

Ms. Steinshouer made estimated tax payments in April 2005 and April 2007 for years 2004 and 2006, respectively, but her 2006 payment was not sufficient to avoid the application of the

[1](...continued)
and all Rule references are to the Tax Court Rules of Practice and Procedure.

section 6654 addition to tax for failure to make estimated tax payment. She failed to make any other payments for these years, and as stated previously, she did not file Federal income tax returns.

Respondent's determinations were as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|------------------|------------------|-----------|
| 2004 | $3,771 | $763.87 | $695.97 | -0- |
| 2006 | 6,634 | 1,398.60 | 528.36 | $291.92 |

Ms. Steinshouer filed a timely petition covering both years.

## Discussion

Pursuant to section 6020(b), the Commissioner is authorized to prepare a substitute for return for a taxpayer who does not file a return. Such returns for 2004 and 2006 resulted in respondent's deficiency determinations, upon which this proceeding is based. Respondent's determination of these deficiencies is entitled to a presumption of correctness. See Welch v. Helvering, 290 U.S. 111 (1933). Ms. Steinshouer bears the burden of proving respondent's determination erroneous. See Rule 142(a). Furthermore, section 6001 and the regulations thereunder require the taxpayer to maintain adequate records, submit returns, and furnish information as the Internal Revenue Service may prescribe.

Section 61 provides that gross income includes all income from whatever source derived, unless the taxpayer can establish a

specific legislative authorization to exclude income from taxation. <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429-430 (1955).

Regarding alleged deductions for business expenses, Ms. Steinshouer has the burden of proving the expenditures and that any such expenses are ordinary and necessary. See sec. 162(a); Rule 142(a)(1). Ms. Steinshouer failed to produce any evidence of expenses or appear at trial and testify.

Respondent has carried the burden of producing evidence, as imposed on him by section 7491(c), that the additions to tax under section 6651(a)(1) and (2) apply for both 2004 and 2006, because of Ms. Steinshouer's failure to timely file and to timely pay tax and respondent's preparation of substitutes for returns. Ms. Steinshouer did not establish that her failure to timely file or to timely pay tax was due to reasonable cause and not willful neglect. Respondent has asserted that Ms. Steinshouer failed to file a Federal income tax return for 2005 and that Ms. Steinshouer is therefore subject to the section 6654 addition to tax. Ms. Steinshouer has not contested this assertion, and we accept that respondent has carried the burden of production regarding the addition to tax under section 6654 for 2006. Therefore, the addition to tax under section 6654 for 2006 is appropriate. Accordingly, the Court sustains respondent's determinations.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.